**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

BRENON D. HUDSON and                 :   CIVIL ACTION NO. _____
AMANDA L. JACOBS

VERSUS                               :   JUDGE _____

MICHAEL DALE GREENE,                 :   MAGISTRATE JUDGE _____
REDNECK, INC., NATIONAL UNION
FIRE INSURANCE COMPANY
OF PITTSBURGH, PA., and STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

---

**NOTICE OF REMOVAL**

---

    **NOW INTO COURT**, through undersigned counsel, comes **MICHAEL DALE GREENE and REDNECK, INC. ("Appearers" herein)**, defendants in the proceeding entitled "*Brenon  D. Hudson and Amanda L. Jacobs v. Michael Dale Greene, et al,*" civil action no. 2016-2965, Div. "B", filed in the 12th Judicial District Court, Avoyelles Parish, Louisiana, who file this Notice of Removal and hereby remove this entire action to the United States District Court, Western District of Louisiana, Alexandria Division.

    A copy of this Notice of Removal has been served upon counsel for plaintiffs, Brenon D. Hudson and Amanda L. Jacobs, and a copy of this Notice of Removal is being filed with Clerk of the referenced State Court in conformity with 28 USC § 1446(d).

    In connection with the filing of this Notice of Removal, Appearers submit the

-1-

following as exhibits:

Exhibit A:    Copies of all materials comprising the state court suit record

Exhibit B:    Copies of medical bills produced by plaintiff, Brenon D. Hudson and Amanda L. Jacobs

Exhibit C:    Plaintiffs' responses to discovery requests propounded by State Farm Mutual Automobile Insurance Company

Exhibit D:    Plaintiffs' responses to discovery requests propounded by Michael Dale Greene and Redneck, Inc.

Exhibit E:    Copy of document produced by plaintiff, Brenon D. Hudson, showing his income tax information for the years 2014 and 2015

Exhibit F:    Copies of medical records produced by plaintiff, Brenon D. Hudson

Defendants respectfully submit that the grounds for removal of this action are as follows:

## I.

The Petition for Damages in the state court proceeding entitled "*Brenon D. Hudson and Amanda L. Jacobs v. Michael Dale Greene, et al,*" civil action no. 2016-2965, Div. "B", was filed in the 12th Judicial District Court, Avoyelles Parish, Louisiana, on April 19, 2016, and is now pending in that court, which is within the territory of the United States District Court, Western District of Louisiana, Alexandria Division. Copies of all materials comprising the state court proceedings, including the plaintiffs' Petition for Damages, are attached hereto as "Exhibit A". According to the plaintiffs' Petition for Damages:

(1)    Plaintiffs are persons of the full age of majority who reside and are

domiciled in the Parish of Avoyelles, State of Louisiana;

(2)     The alleged motor vehicle accident forming the basis of this litigation occurred on a public road (N. Preston Street) in Marksville, Avoyelles Parish, Louisiana; and

(3)     The state court action was filed in the 12th Judicial District Court, Avoyelles Parish, Louisiana.

II.

The following is a list of all parties involved in the case with a listing of their attorneys:

**BRENON  D. HUDSON  and
AMANDA  L. JACOBS**
Both represented by:
Derrick G. Earles  (#29570)
David C. Laborde  (#20907)
Jeanne M. Laborde  (#24821)
Andrew B. Mims  (#33990)
Samuel J. Spurgeon  (#34773)
Shawn M. Bordelon  (#35049)
LABORDE EARLES LAW FIRM, LLC
306 N. Washington Street
P.O. Box 1559
Marksville, Louisiana 71351
Telephone:  (318) 253-3297
Facsimile: (318) 253-7757

**MICHAEL DALE GREENE and REDNECK, INC.**
Both represented by:
Eric W. Roan (#22568)
PLAUCHÉ, SMITH & NIESET, LLC
1123 Pithon Street
Lake Charles, LA 70601
Telephone: (337) 436-0522
Facsimile: (337) 436-9637

-3-

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**as UM/UIM insurer for Brenon D. Hudson**
Represented by:
Bianca Chretien
LAW OFFICES OF JOHN E. ORTEGO
4023 Ambassador Caffery Parkway
Suite 100
Lafayette, LA   70503
Telephone:  (337) 988-7240
Facsimile: (337) 988-7278

## III.

Plaintiffs, in their Petition for Damages, seek recovery of monetary compensation arising from personal injuries that they allegedly sustained by virtue of the alleged negligent acts of defendant, Michael Dale Greene.  At the time of the filing of the Petition for Damages, plaintiffs resided and were domiciled in Avoyelles Parish, Louisiana, and are thus citizens of the State of Louisiana for purposes of 28 U.S.C. 1332.  See the preamble to Plaintiffs' Petition for Damages.  Upon information and belief, plaintiffs remain citizens of the State of Louisiana.

## IV.

At the time of the filing of the Petition for Damages, and at all times relevant to these proceedings, defendant, MICHAEL DALE GREENE, was, and remains, a person of the full age of majority who resides and is domiciled in the State of Texas, and is thus a citizen of the State of Texas for purposes of 28 U.S.C. 1332.  Accordingly, complete diversity of citizenship exists between plaintiffs and MICHAEL DALE GREENE.

V.

At the time of the filing of the Petition for Damages, and at all times relevant to these proceedings, defendant, REDNECK, INC., was, and remains, a corporation domiciled in Missouri with its principal place of business in Missouri , and thus is a citizen of the State of Missouri  for purposes of 28 U.S.C. 1332.  Accordingly, complete diversity of citizenship exists between plaintiffs and REDNECK, INC.

VI.

At the time of the filing of the Petition for Damages, and at all times relevant to these proceedings, defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, was, and remains, a corporation domiciled in Pennsylvania with its principal place of business in New York, and thus is a citizen of Pennsylvania and New York for purposes of 28 U.S.C. 1332. Accordingly, complete diversity of citizenship exists between plaintiffs and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

VII.

At the time of the filing of the Petition for Damages, and at all times relevant to these proceedings, defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was, and remains, a corporation domiciled in Illinois with its principal place of business in Ilinois, and thus is a citizen of Illinois for purposes of 28 U.S.C. 1332. Accordingly, complete diversity of citizenship exists between plaintiffs and STATE

FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

## VIII.

Plaintiff, BRENON D. HUDSON's allegations, if accepted as true, may garner an award in excess of $75,000.00, exclusive of interest and costs.  The fact that Plaintiff is seeking more than a minimum amount in controversy is apparent based upon the fact that plaintiff has repeatedly and **in bad faith** failed to allege whether an amount less than $75,000.00 is being sought.  Plaintiff has failed to make such an allegation in his Petition for Damages and has failed to respond to Appearers' discovery requests of same.  At the time of filing the Petition for Damages, plaintiff failed to allege whether the damages even exceeded the jury jurisdictional threshold in Louisiana of $50,000.  See Petition for Damages.  Due to lack of sufficient allegations in the Petition for Damages, jurisdictional discovery was propounded to plaintiff to ascertain the amount in controversy for diversity analysis to which plaintiff provided deficient responses.  See Exhibit "D", Interrogatories 1 and 2.  Under Louisiana law, it is generally true that a plaintiff may not allege a specific amount of damages; however, an important exception to that rule exists.  Article 893 of the Louisiana Code of Civil Procedure specifically provides:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the Court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, **a general allegation that the claim exceeds or is less than the requisite amount is required**.  LSA-C.C.P. art. 893(A)(1).

Plaintiff, Brenon D. Hudson, has not alleged whether his damages exceed $75,000.00.

Thus, if the amount of plaintiff's alleged damages are in fact less than $75,000.00, plaintiff is **required** to allege that fact.   See *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

IX.

It is facially apparent from the documents that plaintiff has recently produced, that his claim may garner an award in excess of $75,000.00, exclusive of interest and costs. Plaintiff alleges that he sustained personal injuries as the result of a motor vehicle collision with a vehicle driven by defendant, Michael Dale Greene.  See Plaintiffs' Petition for Damages, paragraphs 5 and 6.  He seeks compensatory damages for **"severe personal injuries"** to his "mind, head, neck, shoulders, back, arms, and legs," for which he is seeking damages for his: **pain and suffering** (past, present and future); **medical expenses** (past, present and future); **mental anguish**; **humiliation**; **aggravation** (past, present and future); **loss of wages** (past, present and future), **property damage**, **towing and storage fees**, **rental expenses**; and **loss of enjoyment of life** (past, present and future).

X.

On June 17, 2016, BRENON D. HUDSON produced to defendants extensive medical bills showing that his medical expenses total **at least $26,160.78** to date.  See Hudson's medical bills attached hereto as "Exhibit B".  In plaintiff's responses to discovery requests propounded by State Farm Mutual Automobile Insurance Company,

attached hereto as "Exhibit C", plaintiff answered Interrogatory Number 16 that he seeks recovery of any and all charges for medical treatment, including rehabilitative care and prescriptions, and that because **such damages continue**, a specific amount could not be listed at this time. Further, appearers propounded discovery requests upon plaintiff, asking whether he alleges his damages exceed $50,000.00 or $75,000.00, see "Exhibit D", to which plaintiff responded that "**plaintiff remains under a doctor's care and the full extent of plaintiff's injuries has yet to be discovered**." See Exhibit D, Interrogatories 1 and 2.

XI.

In responses to discovery requests propounded by State Farm and received on June 17, 2016, plaintiff was asked for the amount of lost wages and benefits being claimed. Although plaintiff, in bad faith, has refused to provide an amount of damages he is seeking for lost wages, he did answer that he is seeking damages for the time period between June 2015 and the present. See Exhibit "C", Interrogatory Number 13. Plaintiff has produced his income tax records for 2014 and 2015, attached hereto as "Exhibit E", which show that plaintiff earned $9,250.00 for the amount of time he worked between January 1, 2015 and the time of the accident on July 1, 2015, a six-month time period. By extrapolating the amount of $9,250.00 across the latter six-month period for 2015, we can estimate plaintiff's alleged yearly income for 2015 at $18,500.00, or $1,541.00 per month. To date, **nearly 14 months** have accrued from the date of which plaintiff claims to be

seeking damages for lost wages (from "June 2015").  Therefore, we can appropriately estimate plaintiff's alleged claim for lost wages to be **$21,574.00**.

## XII.

Plaintiff, Brenon D. Hudson, has produced medical records indicating that he has treated with multiple steroid injections for chronic low back pain radiating into the left leg over the course of nearly 14 months since the date of the accident.  See Brenon D. Hudson's medical records, attached hereto as "Exhibit F".  Plaintiff also continues to complain of neck pain and heaviness in his shoulders.  He has recently stated that his back pain and neck pain has not gotten better, and that physical therapy was very little help. Under similar circumstances, Louisiana Third Circuit Court of Appeal has regularly affirmed awards of $35,000 to $45,000 for similar injuries.  See *Jacobs v. City of Marksville*, 2006-1386 (La. App. 3 Cir. 3/7/07), 953 So.2d 139 (plaintiff who treated for 13 months for chronic shoulder, neck, back pain & headaches, with medicals of only $5,583, received $45,000 in general damages; second plaintiff treated for 10 months with only 1 steroid injection, received $35,000 in general damages).  With the discovery responses, it is now facially apparent from the documents produced that plaintiff may receive an award of $45,000.00, or more, for general damages alone.

## XIII.

Plaintiff, Brenon D. Hudson, has also alleged damages for his property damage, rental expenses, towing expenses, future medical expenses, future lost wages, and future

loss of enjoyment of life, <u>which are not otherwise reflected in the amounts set forth above</u>.

XIV.

Plaintiff, Brenon D. Hudson, has further alleged that he is entitled to statutory penalties and reasonable attorney's fees for the defendant insurer's failure to timely adjust his claim for property damage, <u>which  are not otherwise reflected in the amount set forth above</u>, and which are properly considered in determining whether the jurisdictional amount has been satisfied herein.

XV.

Considering the foregoing, it is now facially apparent from the documents recently produced that Brenon D. Hudson's claims may garner a total award in excess of the jurisdictional limit of this Court, pursuant to 28 U.S.C. 1332 or $75,000.00.

XVI.

Since complete diversity of citizenship exists between plaintiffs and defendants, and, since it is facially apparent that the amount in controversy can be expected with reasonable certainty under Louisiana law to exceed $75,000.00, this court has jurisdiction over the subject matter of the claim filed by Brenon D. Hudson, pursuant to 28 U.S.C. § 1332.  Accordingly, the action is properly removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

XVII.

At this time, there is insufficient information to determine the amount in controversy for the claim filed by Amanda L. Jacobs.   Jurisdictional discovery was propounded to Ms. Jacobs and she responded inconclusively to the Interrogatories and has not produced any documents evidencing the amount of her claim.  See Exhibit D. Nonetheless, pursuant to 28 U.S.C. 1367, this Honorable Court may exercise supplemental jurisdiction over her claim, because it forms part of the same case or controversy as the claim filed by Brenon D. Hudson.  Both Jacobs and Hudson were allegedly injured as a result of the alleged negligence of MICHAEL DALE GREENE as he turned off of Tunica Drive onto N. Preston Street.  Jacobs and Hudson are listed in the same Uniform Motor Vehicle Traffic Crash Report as vehicles "2" and "3", respectively.

XVIII.

As set forth *supra*, Amanda L. Jacobs is a citizen of the state of Louisiana for purposes of 28 U.S.C. 1332, and, therefore, complete diversity of citizenship exists between Jacobs and all defendants.

XIX.

Here, as in *Exxon Mobil Corp. V. Allapattah Services, Inc.*, 545 U.S. 546, 566 (2005), "the threshold requirement of § 1367(a) is satisfied in cases, like those before us, where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy."  Therefore, this Honorable Court may exercise supplemental jurisdiction

over the claim filed by plaintiff, Amanda L. Jacobs.

XX.

This litigation was filed in the 12th Judicial District Court, Avoyelles Parish, Louisiana, on April 19, 2016.  Defendant, State Farm Mutual Automobile Insurance Company,  first received notice of this suit on or about April 27, 2016 when it received service of process.  The Petition for Damages failed to properly allege the amount in controversy, nor contain information sufficient to put defendants on notice of the amount in controversy.  Jurisdictional discovery was propounded to plaintiffs seeking a response to the amount in controversy on May 27, 2016.  Plaintiffs responded to the jurisdictional discovery on June 17, 2016 and provided insufficient responses in bad faith.  On June 17, 2016, Brenon D. Hudson responded to discovery propounded by State Farm with documentation and papers establishing the claim exceeded the diversity jurisdictional threshold.   As such, this Notice of Removal, filed within thirty (30) days of receipt of papers establishing diversity jurisdiction, is timely.

XXI.

Promptly after filing this Notice of Removal, written notice of defendant's removal of these proceedings to this Court will be given to counsel for Plaintiffs and will be filed with the Clerk for the 12th Judicial District Court, Avoyelles Parish, Louisiana.

XXII.

Counsel for State Farm Mutual Automobile Insurance Company has been contacted

and consents to this removal action.

* * * * *

WHEREFORE, defendants, **MICHAEL DALE GREENE and REDNECK, INC.**, pray that:

1.       This Notice of Removal be deemed good and sufficient; and

2.       The referenced Petition for Damages be removed from the 12th Judicial District Court, Avoyelles Parish, Louisiana, to this Court for further proceedings.

THEREAFTER, defendants pray that this action proceed as if the litigation had been commenced originally in this Court.

> Respectfully submitted:
> /s/ Eric W. Roan
> **Eric W. Roan** - Bar # 22568
> PLAUCHE, SMITH & NIESET, L.L.C.
> A Limited Liability Company
> 1123 Pithon Street
> P.O. Drawer 1705
> Lake Charles, LA 70602-1705
> (337) 436-0522
> Eroan@psnlaw.com
> *Attorney for defendants,* ***MICHAEL DALE GREENE and REDNECK, INC.***

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing **Notice of Removal** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent via email and U.S. Mail to the following:

-13-

**BRENON  D. HUDSON and
AMANDA  L. JACOBS**
Both represented by:
Derrick G. Earles  (#29570)
David C. Laborde  (#20907)
Jeanne M. Laborde  (#24821)
Andrew B. Mims  (#33990)
Samuel J. Spurgeon  (#34773)
Shawn M. Bordelon  (#35049)
LABORDE EARLES LAW FIRM, LLC
306 N. Washington Street
P.O. Box 1559
Marksville, Louisiana 71351
Telephone:  (318) 253-3297
Facsimile: (318) 253-7757

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, as UM/UIM insurer for
Brenon D. Hudson**
Through its attorney,
Biana Chretien
LAW OFFICES OF JOHN ORTEGO
4023 Ambassador Caffery Parkway
Suite 100
Lafayette, LA  70503
Telephone:  (337) 988-7240


Lake Charles, Louisiana, this 6th day of July, 2016.


/s/ Eric W. Roan
**Eric W. Roan** - Bar # 22568

-14-